UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CENTURION SYSTEMS, LLC, A (REVOKED) NEW MEXICO LIMITED LIABILITY COMPANY, AS SUCCESSOR TRUSTEE UNDER THE 6280 30TH AVENUE NORTH LAND TRUST,**

      Plaintiff,

vs.

**THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR BEAR STEARNS ALT-A TRUST 2005-8, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-8,**

      Defendant.
_____/

CASE NO.

(formerly Marion County Case No. 2020-CA-1587)

## DEFENDANT'S NOTICE OF REMOVAL

**THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, NOR INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR BEAR STEARNS ALT-A TRUST 2005-8, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-8** ("BONYM" or "Defendant"), hereby removes the action currently pending in the Circuit Court of the Fifth

1

Judicial Circuit in and for Marion County, Florida, Case No. 2020-CA-1587 (the "State Court Action"), to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331. Removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 as more fully set forth below.

## INTRODUCTION

This case involves one of many dozens of nearly identical recent lawsuits—filed primarily by Plaintiff's counsel, Lee Segal—in which the plaintiffs attempt to obtain default final judgments against foreclosure plaintiffs through defective service. Of course, notice and an opportunity to participate in a lawsuit are the most fundamental aspect of our civil justice system, and Plaintiff's counsel has designed this scheme, discussed in Defendant's pending motion to quash service and vacate the clerk's default, to prevent the defendants from receiving notice and an opportunity to participate in these cases. As of the date of this filing, undersigned counsel alone is aware of approximately ninety (90) of these exact same lawsuits filed in late-2020 against Deutsche Bank National Trust Company and The Bank of New York Mellon, and in none of those cases is Plaintiff's counsel willing to litigate their claims on the merits.[1] All defendants want to do is to have

---

[1] Additional cases continue to be discovered on an ongoing basis through defendants' independent research across all sixty-seven counties.

their day in court and allow these cases to be decided on their merits, and that is precisely what Plaintiff's counsel wants to avoid.

## I. BACKGROUND & CONDITIONS OF REMOVAL

1. This matter arises out of Plaintiff's dispute over the foreclosure of someone else's property. Indeed, Plaintiff purports to be the owner of property located in Pinellas County at **6280 30th Avenue North, St. Petersburg, Florida** (the "Property") but inexplicably challenges the foreclosure of a mortgage on completely unrelated property located at 2924 Lichen Lane, #B, Clearwater, Florida. (Compl. ¶¶3, 21-22).

2. Plaintiff, **Centurion Systems, LLC, a New Mexico Limited Liability Company, As Successor Trustee Under The 6280 30th Avenue North Land Trust** ("Centurion Systems" or "Plaintiff"), is a New Mexico limited liability company whose status has been permanently **REVOKED** as of October 31, 2018. (*See* New Mexico Secretary of State, corporate records, attached hereto as **Exhibit "A"**).

    a. Centurion Systems' address is 447 3rd Ave., N., St. Petersburg, Florida. *See* **Exhibit "B"** (sworn statement by sole Management Member).

    b. Centurion Systems sole member is/was Adrienne Federico who is a citizen and resident of Florida. *Id*. Ms. Federico is the wife of disbarred

foreclosure defense lawyer Mark Stopa[2]. *See* Order, attached hereto as **Exhibit "C"** (Mark Stopa's address is the same as Centurion's address: 447 3rd Ave., N., St. Petersburg, Florida).

3. Defendant is a bank chartered under the laws of the State of New York. (*See* Affidavit of Cheryl Santucci for BNYM, attached as **Exhibit "D"**).

4. Venue is proper in the United States District Court Middle District of Florida because the case is being removed from the Fifth Judicial Circuit in and for Marion County, Florida.

5. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert defenses, counterclaims, or to seek transfer to the Tampa Division of the Middle District of Florida as this action arises out of a dispute in Pinellas County rather than Marion County. (*See again* Complt., ¶3).

6. This action is not a non-removable action as described under 28 U.S.C. § 1445.

7. Pursuant to 28 U.S.C. § 1446(a), a true and correct copies of all process and pleadings available to counsel as of this date are attached hereto as **Composite**

---

[2] *See* https://www.tampabay.com/news/business/realestate/Authorities-Foreclosure-lawyer-Mark-Stopa-made-nearly-5-million-off-clients-homes_172178605/; *see also* Mortgage Fraud Investigations, https://mfi-miami.com/2018/09/lawyer-mark-stopa-2/ (last visited Nov. 23, 2020); https://www.tampabay.com/news/business/2019/09/30/foreclosure-defense-attorney-mark-stopa-permanently-disbarred/.

4

**Exhibit "E."**

8. In accordance with 29 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, Defendant has served Plaintiff with a copy of this Notice of Removal and has filed a Notice of Filing Notice of Removal with the Clerk of the Court for the Fourteenth Judicial Circuit in Jackson County, Florida. A copy of the Notice of Filing Notice of Removal (without attachments) is attached hereto as **Exhibit "F."**

9. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days from the date of Defendant's receipt of the initial pleading. To be clear, Defendant has never received any pleadings in this matter and only became aware of the existence of this lawsuit through Defendant's own search of State court dockets throughout the State of Florida. As this Court knows Defendant is not required to - nor is it expected to - investigate any court dockets to determine if a lawsuit exists against it. It is plaintiff's burden to properly serve Defendant. Defendant was not served with process in this matter and seeks to Quash Service of Process in relation thereto.[3]

10. Defendant discovered this matter through an online records search

---

[3] The Supreme Court has held that the 30-day removal period does not begin to run until service is effectuated, explaining that the deadline is "triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

ACTIVE 55502101v1

prompted by the discovery of similar matters filed by Plaintiff's counsel, Lee Segal, Esq.,[4] that likewise resulted in improper defaults and/or judgments by default due to lack of service of process on Defendant.

## II.   THE COMPLAINT

11.   On October 4, 2020, Plaintiff initiated this action alleging the Assignment of Mortgage purportedly filed in connection with a foreclosure action against borrower, Laurie Ann Jones on Clearwater property described in Pinellas County Case No. 15-8158-CI ("Jones Foreclosure Action")[5], amounted to a conspiracy to divest *Plaintiff* of title to unrelated Property[6] located in St. Petersburg, Florida.  (Complt., ¶¶3, 21, 44).

12.   Plaintiff admits Ms. Jones executed a Note and Mortgage on April 20, 2005, and that Ms. Jones defaulted on the loan by failing to tender any further payments on or after March 2012.  (Complt., ¶¶3, 13).  Thereafter, the Jones Foreclosure Action ensued. The Complaint is silent as to what relationship the Jones Foreclosure Action on Clearwater property has to do with the subject property located in St. Petersburg, Florida.

---

[4] *See again* Exhibit "D" (Affidavit of BYNM).
[5] The property at issue in the Jones Foreclosure Action is 2924 Lichen Lane, #B, Clearwater, Florida.
[6] The property at issue in this Complaint is 6280 30th Ave. N., St. Petersburg, Florida. (Complt., ¶3).

6

13. The State Court Action repeatedly challenges BNYM's status as owner and holder of Ms. Jones' Note and Mortgage in the Jones Foreclosure Action. (*See* Complt., ¶¶9, 11, 23, 26, 31) (each denying the foreclosure court's finding that BNYM was the owner or holder of the Note).

### III. LEGAL STANDARD - GROUNDS FOR REMOVAL

14. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district court of the United States have original jurisdiction, may be removed by the defendants, to the district court of the United States…where such action is pending."

15. Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

> **(1)** citizens of different States;
>
> **(2)** citizens of a State and citizens or subjects of a foreign state;
>
> **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> **(4)** a foreign state, defined in section 1603 (a) of this title, as plaintiff and citizens of a State or of different States.

16. This Court has original jurisdiction on the basis of diversity and amount in controversy. *See* 28 U.S.C. § 1332. The parties are diverse because they are citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

17. "Removal is proper if the defendant proves, by a preponderance of the evidence, the amount in dispute exceeds $75,000." *Luch v. Scottsdale Ins. Co.*, No. 17-21507-CIV, 2017 WL 5643314, at *1 (S.D. Fla. June 9, 2017) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014)). Also, "when a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000).

### A. Diversity Of Citizenship Exists.

18. Centurion is a *revoked* New Mexico limited liability company. (*See again* Exhibit "A"). Centurion's sole member is Adrienne Federico (wife of disbarred attorney Mark Stopa who was prior counsel for Centurion) who is a resident and citizen of St. Petersburg, Florida. (*See again* Exhibit "B").

19. BNYM is a bank chartered under the laws of the State of New York with its principal place of business located at 240 Greenwich St., New York , New York 10286. (*See again* Exhibit "D").

20. Because the parties are citizens of different states, diversity exists.

### B. Amount in Controversy Exceeds $75,000.

21. Centurion in this matter seeks treble damages that include the "value of the Property, and the attorney's fees and costs incurred defending the [Jones Foreclosure Action]." (*See again* Complt., ¶¶45 and 46).

22. As evidenced by Final Judgment After Default entered December 3, 2020 in BNYM's absence (due to lack of service of process), the amount in controversy exceeds $858,076.50.  (*See again* Exhibit "E").

23. Because Plaintiff seeks an award that exceeds $858,076.50 Dollars, this matter meets the amount on controversy threshold under 28 U.S.C. § 1332.

### C. Timeliness of Removal.

24. The Supreme Court has held that the 30-day removal period does not begin to run until service is effectuated, explaining that the deadline is "triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).  Thus, "mere receipt of the complaint unattended by any formal service" does not trigger the thirty-day timeframe for removal set forth in 28 U.S.C. § 1446(b). *Id.* at 348; *see also, e.g., Edwards v. Apple Computer, Inc.*, 645 F. App'x 849, 852 (11th Cir. 2016) (holding removal timely where defendant was never formally served with process and removed case two days after waiving service of process); *Rissman, Barrett, Hurt, Donahue & McClain, P.A. v. Westport Ins. Corp.*, No. 610CV898ORL35GJK, 2010 WL 11626746, at *2 (M.D. Fla. July 29, 2010) ("Thus, contrary to the contention of Plaintiffs, service of process is a sine qua non for the

commencement of the running of the thirty (30) day period, which cannot run by the mere receipt of the complaint unattended by any formal service." (quoting *Murphy Bros., Inc.*, 526 U.S. at 347-48)).

25.   In this case, BNYM has never been served with process (*see again* Exhibit "D"), and is seeking to motion to quash service of process and to vacate the Clerk's Default and Final Judgment After Default.  Therefore, service is timely.

### III.   CONCLUSION

26.   Removal of this case is timely and appropriate, and this Court has jurisdiction over the claims based upon diversity of citizenship.  Defendant respectfully requests that this Court take jurisdiction over this matter and remove this action from the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida to the United States District Court for the Middle District of Florida without waiver of BNYM's right to further seek transfer to the Tampa Division as this action arises out of a dispute in Pinellas County rather than Marion County.

**WHEREFORE**, Defendant respectfully requests that the aforesaid action now pending in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida, Case No. 2020-CA-1587 be removed to this Honorable Court.

| | |
|---|---|
| Dated: Wed, Mar 3, 2021 | Respectfully submitted, |

| | |
|---|---|
| Jason H. Okleshen, Esq. | Beth A. Norrow, Esq. |
| Florida Bar No. 496170 | Florida Bar No. 061497 |
| Okleshenj@gtlaw.com | norrowb@gtlaw.com |
| FLService@gtlaw.com | sandra.famadas@gtlaw.com |
| **GREENBERG TRAURIG, P.A.** | **GREENBERG TRAURIG, P.A.** |
| 777 S. Flagler Drive, Suite 300 East | 777 S. Flagler Drive, Suite 300 East |
| West Palm Beach, FL 33401 | West Palm Beach, FL 33401 |
| Telephone: (561) 650-7915 | Telephone: (407) 418-2345 |

By: /s/ *Beth A. Norrow*
       Beth A. Norrow

*Counsel for Defendant, THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, NOR INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR BEAR STEARNS ALT-A TRUST 2005-8, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-8*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 3, 2021, a true and correct copy of the foregoing was filed with the Clerk of the Court using the State of Florida e-filing system which will send a notice of electronic service to:

Lior Segal, Esq.
**SEGAL & SCHUH LAW FIRM, P.L.**
18167 U.S. Highway 19 North, Suite 100
Clearwater, FL 33764
lee@segalschuh.com
marie@segalschuh.com

/s/ Beth A. Norrow
Beth A. Norrow